**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

and

**General Teamsters, Chauffeurs, Warehousemen and Helpers, Local 428, etc., Intervenor,**

v.

**PONY TRUCKING, INC., Respondent.**

No. 73-1041.

United States Court of Appeals, Sixth Circuit.

Argued June 12, 1973.

Decided Oct. 24, 1973.

Marshall J. Conn, Pittsburgh, Pa., for respondent; Clifford A. Weisel, Weisel, Xides & Conn, Pittsburgh, Pa., on brief.

Robert C. Knee, Jr., Dayton, Ohio, for intervenor; Knee, Snyder & Parks, Sorrell Logothetis, Dayton, Ohio, on brief.

Before McCREE and MILLER, Circuit Judges, and NEESE,* District Judge.

PER CURIAM.

This is an application for enforcement of an N.L.R.B. order dated August 3, 1972 against the respondent, Pony Trucking, Inc. (hereinafter referred to as the Company).

The proceedings in this case originated on November 1, 1971 with the Union's (General Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 428, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America) petition for certification as bargaining representative of the truck drivers of the Company. A hearing was held and the only issue involved was whether the truck drivers were employees as defined in the National Labor Relations Act, 29 U.S.C. § 152(3).

The Regional Director found that the drivers were employees of the Company and directed that an election be held.

* The Honorable Charles G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The Company submitted a request for review of the Director's decision to the Board and it was denied. The election was held and the Union won. The Union was subsequently certified.

Following certification the Union requested the Company to bargain collectively and the Company refused on the ground that the drivers were independent contractors and not employees of the Company. The Union filed an unfair labor practice charge against the Company on March 8, 1972 and the Regional Director issued a complaint and notice of hearing to the parties. The Company's answer reiterated its position that the drivers were not employees but independent contractors. General Counsel then filed a motion for summary judgment. The Company failed to file any response and summary judgment was granted in favor of the Union. The Board found that the Company had violated Sections 8(a)(1) and (5) of the Act by failing to bargain with the Union, thus agreeing with the Director's finding that the drivers were employees within the meaning of the Act (one member of the Board dissenting). 198 NLRB No. 59 (1972).

The real issue before this Court is whether substantial evidence on the record as a whole supports the Board's finding that the drivers were employees of the Company.

In Ace Doran Hauling and Rigging Co. v. N. L. R. B., 462 F.2d 190 (6th Cir. 1972), this Court applied common law agency principles to owner-drivers working under a lease arrangement for a contract carrier and concluded that the owner-drivers were employees rather than independent contractors. To differentiate between employees and independent contractors we used a two-prong test:

> The rationale behind our holding is based on both "additional controls" and the control and supervision exercised pursuant to ICC requirements. 462 F.2d at 194.

Among the additional controls exercised by the carrier here is the provision in the equipment lease agreement between the owner and the carrier which prevents the owner from subleasing his equipment without the consent of the carrier.

We are unable to distinguish *Ace Doran* from the present case and find it to be controlling.

Upon full consideration, we are of the opinion that the order of the Board is supported by substantial evidence. Its order is, therefore, hereby enforced.